# In the United States Court of Federal Claims

No. 15-1300

(E-Filed: September 27, 2016)

|  |  |  |
|---|---|---|
| BALDI BROS., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for Protective Order; RCFC |
| v. | ) | 26(c)(1)(G) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Before the court is the government's motion for protective order.  Def.'s Mot., July 25, 2016, ECF No. 11.  The government seeks a protective order in the model of Form 8 of the Rules of the United States Court of Federal Claims (RCFC) to protect from public disclosure the confidential information submitted by plaintiff's competitors during the procurement.  Def.'s Mot. 2-3. Plaintiff opposes the motion.  Pl.'s Opp'n, Aug. 11, 2016, ECF No. 15.  Plaintiff objects to a protective order that precludes counsel from showing other offerors' documents to his client, id. at 1; 4; 7, arguing that "[t]he information contained on the [competitors' documents] is in fact not confidential."  Pl.'s Opp'n 2; 5-7.  The government filed a reply reiterating its position.  See Def.'s Reply, Aug. 22, 2016, ECF No. 16.

On September 27, 2013, plaintiff was awarded a contract by the Department of the Navy (Navy) to make improvements to "Design-Bid-Build Project P566 Combat Aircraft Loading Apron CALA at Marine Corps Air Station, Yuma AZ" (Project).  Pl.'s Compl. ¶¶4-8, 12-15, Nov. 2, 2015, ECF No. 1; see also Def.'s Mot. 1; Pl.'s Opp'n Ex. A. Plaintiff claims that it inadvertently failed to include in its offer the applicable Arizona transaction privilege tax (TPT) at the then rate of 6.7%, which would have added $743,689.32 to its price.  Pl.'s Compl. ¶¶4, 6.  Plaintiff seeks increased contract compensation.  Id. at ¶15.  The issue to be decided is whether the government has liability under Federal Acquisition Regulation (FAR) 14.407-4, for a mistake made after award.

For the reasons discussed below, the court adopts the government's position. Plaintiff's counsel shall not share other offerors' confidential information with his client.

I.      Legal Standard

Under RCFC 26(c), the court may grant a protective order to protect a party or person from disclosing, or disclosing only in a specified way, confidential information in discovery, including "…a trade secret or other confidential research, development, or commercial information…" RCFC 26(c)(1)(G).

Protective orders may be granted to deny persons involved in competitive decision-making any access to a competitor's confidential information. See U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984); Ross-Hime Designs, Inc. v. United States, 109 Fed. Cl. 725 (2013); Fairholme Funds, Inc. v. United States, 118 Fed Cl. 795 (2014); Hitkansut LLC v. United States, 111 Fed. Cl. 228 (2013). The court has found competitive decision-making to include "advice and participation in any or all of the [company's] decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." U.S. Steel Corp., 730 F.2d at 1468, n.3. Through the entry of protective orders, the court has precluded in-house counsel, company owners, company presidents, and company principals from obtaining access to confidential information on the basis that such persons are involved in competitive decision-making. See U.S. Steel Corp., 730 F.3d at 1468; Ross-Hime Designs, Inc., 109 Fed. Cl. at 742-44; Fairholme Funds, Inc., 118 Fed Cl. at 799-800; Hitkansut LLC, 111 Fed. Cl. at 239.

The party seeking protection bears the burden of demonstrating that good cause exists for restricting the disclosure of the information at issue. In re Violation of Rule 28(D), 635 F.3d 1352, 1357-58 (Fed. Cir. 2011). Good cause is established by showing that the information is a trade secret or contains other confidential information and that "specific prejudice or harm will result if no protective order is granted." Id. (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). If that showing has been made, the party seeking discovery must establish that the disclosure of the information is relevant and necessary to the action. Hitkansut LLC, 111 Fed. Cl. at 238 (citing Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981). "The court must balance the need for the trade secrets or other confidential information against the claim of injury resulting from disclosure." Id. (see also MGP Ingredients, Inc. v. Mars, Inc., 245 F.R.D. 497, 500 (D. Kan. 2007)).

II.     Discussion

The Government has Demonstrated Good Cause for Entry of a Protective Order

The government argues that a protective order is necessary to protect information submitted by plaintiff's competitors to the Navy during the procurement process. Def.'s

Mot. 2-3. The government also argues that RCFC Form 8 is the appropriate order for issuance because this case is similar to a bid protest case[1] and "RCFC Form 8 specifically protects information provided to the Government during a procurement." Id. at 4.

Plaintiff maintains that the information contains no commercial value and is not "confidential in any sense." Def.'s Opp'n 2.  Plaintiff asserts that the information submitted by the other offerors is limited.  Id.  The Project offers were submitted on Navy-furnished forms, which contain the offeror's name, address, phone number, and the signature of the person authorized to submit the offer, an acknowledgement of receipts of the addendums, and a lump sum amount for base bid item 0001 and lump sum amounts for bid option items 0001 through 0005.  Id.

Plaintiff also argues that this information cannot be confidential because the Navy published information about its award in the United States Department of Defense Register and notified the other offerors in writing of the award.  Id. at 2-3.  As a compromise, plaintiff's counsel proposes a protective order that restricts unrelated third parties from having access to the information disclosed, but permits his client to have access to the information.  Id.  Counsel argues, "[w]ithholding the information from [my] client will do nothing to allow [my] client['s] evaluation of the merits of its case and to further possible settlement of the case."  Id. at 4.

The court finds the rationale set forth in the case Safe Flight Instrument Corp. v. Sundstrand Data Control Inc., 682 F. Supp. 20 (D. Del. 1988) to be instructive here on the issue of whether the information sought by plaintiff in discovery is of commercial value or should be protected.

In that case, Safe Flight Instrument Corporation (Safe Flight) brought an action against Sundstrand Data Control (Sundstrand) for Sundstrand's alleged infringement of a patent for its wind shear detection system.  Safe Flight, 682 F. Supp. at 21.  Safe Flight and Sundstrand compete in the market for avionics equipment.  Id.  In discovery, Safe Flight sought information related to the "research and development, production, construction, and sales" of Sundstrand's wind shear detection systems and requested permission for its president, a qualified aeronautical engineer, to examine and evaluate the documents to help assess the economic merits of the litigation.  Id.  Seeking to protect the information because its commercial value was enhanced by its secrecy, Sundstrand

---

[1]     The government notes that the court in this case will perform the same kind of price analysis that it performs in a bid protests involving a price realism challenge.  Def.'s Mot. 4.  The court resolves price realism determinations by comparing the plaintiff's bid prices with its competitors' prices.  Id. (citing Mil-Mar Century Corp. v. United States, 111 Fed. Cl. 508, 542 (2013).

argued that the president of Safe Flight could use such information to his competitive advantage.  Id.  The court held that the company's president was precluded from reviewing Sundstrand's confidential materials.  Id. at 22.  "[A]ccepting that [the company president] is a man of great moral fiber, we nonetheless question his human ability during future years of research to separate the applications he has extrapolated from [his competitors' documents and] those he develops from his own ideas."  Id.  Rejecting Safe Flight's request that its president review the technical information, the court suggested that Safe Flight hire qualified outside experts to review the documents, or designate a non-technical officer to review the information and make the business calculations.  Id.

In this case, plaintiff and the others who submitted offers for the Project award compete in the market that provides paving services.  Plaintiff competed against the other offerors for this work and will likely compete against them in the future.  In the court's view, permitting plaintiff to have access to its competitors' pricing information for this Project would provide plaintiff with a competitive advantage in the field.  The court agrees with the government that "it would be unrealistic for the Court to expect [plaintiff's] competitive decisionmakers to compartmentalize their competitors' confidential pricing information and not use it, for example, to increase [plaintiff's] odds for winning a solicitation in which its competitors are likely to participate."  Def.'s Mot. 6.

As this court observed in Hitkansut, LLC, even if it were to accept that plaintiff "would make a conscious and sustained effort to comply with the terms of the protective order, the fallibility of the human brain is paramount.  It is simply impossible for a human being to segregate or 'unlearn,' certain pieces of knowledge."  Hitkansut LLC, 111 Fed. Cl. 239.  Therefore, a protective order is necessary to ensure fairness among the offerors in the competition for future procurements.

The court further holds that the potential for economic and business harm to the other offerors significantly outweighs any interest that plaintiff has in reviewing the information for purposes of evaluating the merits of its case and considering settlement.  As noted in Safe Flight, if plaintiff's counsel requires assistance in evaluating the economic merits of the case, plaintiff might consider retaining outside experts to assist.

Finally, the court holds that RCFC Form 8 is the appropriate protective order to enter in this case as the court anticipates performing price analyses similar to that performed in bid protests challenging price realism determinations.  Mil-Mar Century Corp., 111 Fed. Cl. 508.

III.     Conclusion

For the reasons set forth more fully above, the government's motion for a protective order is **GRANTED**.  The protective order shall be filed subsequent in time to entry of this order.

IT IS SO ORDERED.


 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge