# In the United States Court of Federal Claims

No. 15-1300 C

(E-Filed September 13, 2017)[1]

|  |  |
|---|---|
| BALDI BROS, INC., ) | |
| ) | |
| Plaintiff, ) | Motion for Summary Judgment; |
| ) | RCFC 56; Contract Disputes Act; |
| v. ) | 41 U.S.C. § 7104 (2012); 48 |
| ) | C.F.R. § 14.407-4 |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

William Johan Braun, La Jolla, CA, for plaintiff.

Daniel Kenneth Greene, Trial Counsel, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Jr., Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge

---

[1] This opinion was issued and placed under seal on August 25, 2017. See ECF No. 28. Pursuant to the court's Notice and Order of August 25, 2017, the parties were directed to file their proposed redactions, on or before September 8, 2017, identifying source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. Defendant filed its proposed redactions on September 8, 2017. See ECF No. 31. Defendant stated in its proposed redactions filing that plaintiff did not respond to the government's request to comment on their proposed redactions. As of the filing of this opinion, the court has not heard from plaintiff on this matter. Defendant's redactions were acceptable to the court. Accordingly, all redactions are indicated by brackets ([ ]).

This case involves a contract for repairs to the "Combat Aircraft Loading Apron" located at the Marine Corps Air Station in Yuma, Arizona. See Compl., ECF No. 1 at 2,. In its complaint, plaintiff explains that it committed an error that was "clerical in nature" in calculating its final bid amount. See id. After awarding the contract to plaintiff on the basis of the erroneous bid amount, the contracting officer denied plaintiff's request for a contract modification to correct the error. See id. at 3-4. The contracting officer subsequently denied plaintiff's certified claim, and plaintiff now seeks relief from the court. See id. at 4. Presently before the court is defendant's motion for partial summary judgment.[2] See Def.'s Mot., ECF No. 22,  Defendant's motion is fully briefed and ripe for a decision by the court. Oral argument was neither requested by the parties, nor deemed necessary by the court. For the following reasons, the defendant's motion is **GRANTED**.

I. Background

In July 2013, defendant issued a request for proposal (RFP) relating to repairs and improvements to the Combat Aircraft Loading Apron at the Marine Corps Air Station in Yuma, Arizona. See ECF No. 1 at 2. See also ECF No. 22 at 2. The project included a bid for a base contract, along with five optional line items. See ECF 1 at 2. See also ECF No. 22 at 2. The RFP expressly states that, with regard to the evaluation of price, "[t]he Government will evaluate the total price (base items and all option items) on the basis of whether or not it is fair and reasonable and within the limitation stated in the RFP." Def.'s Mot. App., ECF No. 22-1 at 116. It also states that "[a]ward will be made on the basis of the lowest evaluated price of proposals meeting or exceeding the acceptability standards for non-cost factors." Id.

The technically acceptable offers were as follows:

| Offeror | Total Price | Base Item | Option Items |
|---|---|---|---|
| Baldi | $12,052,640 | $11,099,841 | $952,799 |
| Reyes Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Hal Hays Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Sundt Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Government Estimate | $14,677,000 | $13,363,820 | $1,312,979 |

ECF No. 22 at 2. As this chart illustrates, of the four technically acceptable offers, plaintiff's bid amount was lowest. On September 27, 2013, defendant awarded the contract to plaintiff. See ECF No. 1 at 2.

---

[2]   Although defendant styles its motion as one for partial summary judgment, it asks that the court "dismiss in its entirety" plaintiff's complaint. ECF No. 22 at 1. Because the relief sought would, in the court's view, dispatch with the entire case, the court will deems this motion as one for full, rather than partial, summary judgment.

Shortly after receiving the award, plaintiff discovered—later the same day—that its bid inadvertently failed to include an applicable 6.7% state tax, amounting to $743,689.32. See id. Plaintiff immediately notified defendant of the omission, which it characterizes as a clerical error, and sought a contract modification to include the state taxes. See id. at 3. Defendant, in turn, reviewed documentation supporting plaintiff's request, but denied the modification, finding that it was not warranted. See id.

Plaintiff contends that it is entitled to an adjustment of its bid in accordance with the Federal Acquisition Regulation (FAR) 14.407-4, which applies in cases involving mistakes discovered after an award. See id. at 4. Pursuant to this regulation, plaintiff submitted a certified claim under the Contract Disputes Act to the contracting officer, seeking $961,132.39. See id. See also ECF No. 22-1 at 228-292 (plaintiff's certified claim). This figure is higher than the original contract modification for two reasons. First, it reflects an 8.4% tax. See ECF No. 1 at 3. The tax percentage was increased from 6.7% to include a county tax of 1.7% that was not included in plaintiff's initial modification request. See ECF No. 22 at 3; ECF No. 25 at 5. In addition, this figure includes costs for several line item options that defendant elected after awarding the contract, totaling $28,745.77. See ECF No. 26 at 9, Def's Reply (citing plaintiff's certified claim, ECF No. 22-1 at 280). Thus, the total value of the requested modifications to account for taxes is $932,386.62. See id.

In summary, plaintiff has, in one form or another, submitted three contract amounts in this case: (1) its original bid that excluded taxes, (2) its modification request that included only state taxes, and (3) its certified claim that included both state and county taxes. The following table incorporates each submission for ease of reference.

| Offeror | Total Price | Base Item | Option Items |
|---|---|---|---|
| **Baldi (original bid)** | $12,052,640 | $11,099,841 | $952,799 |
| Reyes Construction, Inc. | $[ ] | $[ ] | $[ ] |
| **Baldi (state tax only)** | $12,860,167 | $11,843,530 | $1,016,637 |
| Hal Hays Construction, Inc. | $[ ] | $[ ] | $[ ] |
| **Baldi (state & county tax)** | $13,065,061 | $12,032,227 | $1,032,834 |
| Sundt Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Government Estimate | $14,677,000 | $13,363,820 | $1,312,979 |

See ECF No. 22 at 4-5. See also ECF No. 25 at 3-6 (detailing some of the figures in defendant's chart).

The contracting officer denied the claim for three reasons: (1) plaintiff had not submitted clear and convincing evidence of a clerical error; (2) defendant was not on constructive notice of the error; and (3) if the contract amount were adjusted, plaintiff would no longer be the lowest bidder, and defendant would have to terminate the contract

for convenience and award it to the lowest bidder. See id. at 4. In the present case, plaintiff disputes these findings, and asks the court to award damages in the amount of its certified claim, $961,132.39, plus interest. See id. at 5.

II.     Legal Standards

Plaintiff brings this case pursuant to the Contract Disputes Act. See ECF No. 1 at 1 (citing 41 U.S.C. § 609(a)(1), presumably referring to the code section that now appears as 41 U.S.C. § 7104(b)(1) (2012)). In order for this court to exercise jurisdiction under the Contract Disputes Act, "both a valid claim and a contracting officer's final decision on that claim," are required. M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541-42 (Fed.Cir.1996)). See also Lee's Ford Dock, Inc. v. Sec'y of the Army, No. 2016-2308, 2017 WL 3272087, at *7 (Fed. Cir. Aug. 2, 2017) (holding that the court lacked jurisdiction pursuant to the Contract Disputes Act to consider plaintiff's claim that was not properly presented for final decision to the contracting officer). In addition, because the court's review is de novo, the contracting officer's decision is afforded no deference. See 41 U.S.C. § 7104(b)(4) (2012); Wilner v. United States, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (stating that "when suit is brought following a contracting officer's decision, the findings of fact in that decision are not binding upon the parties and are not entitled to any deference").

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine if it "may reasonably be resolved in favor of either party." Id. at 250. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp., 477 U.S. at 323. The burden then shifts to the nonmoving party to show that a genuine issue of material fact does exist such that the case should proceed to trial. Id. at 324.

The court must view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed. Cir. 1987). The court, however, must not weigh the evidence or make findings of fact. See Anderson, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not [herself] to weigh the evidence and determine the truth of the

4

matter but to determine whether there is a genuine issue for trial."); Ford Motor Co. v. United States, 157 F.3d 849, 854 (Fed. Cir. 1998) ("Due to the nature of the proceeding, courts do not make findings of fact on summary judgment.").

This case involves a claim made pursuant to FAR 14.407-4, which provides, in part:

> (a) When a mistake in a contractor's bid is not discovered until after award, the mistake may be corrected by contract modification if correcting the mistake would be favorable to the Government without changing the essential requirements of the specifications.
>
> (b) In addition to the cases contemplated in paragraph (a) above or as otherwise authorized by law, agencies are authorized to make a determination—
>
>> (1) To rescind a contract;
>>
>> (2) To reform a contract (i) to delete the items involved in the mistake or (ii) to increase the price if the contract price, as corrected, does not exceed that of the next lowest acceptable bid under the original invitation for bids; or
>>
>> (3) That no change shall be made in the contract as awarded, if the evidence does not warrant a determination under subparagraphs (1) or (2) above.
>
> (c) Determinations under subparagraphs (b)(1) and (2) above may be made only on the basis of clear and convincing evidence that a mistake in bid was made. In addition, it must be clear that the mistake was (1) mutual, or (2) if unilaterally made by the contractor, so apparent as to have charged the contracting officer with notice of the probability of the mistake.

48 C.F.R. § 14.407-4 (2016).

III.   Analysis

In the complaint, plaintiff characterizes its claim as an "Appeal of the Contracting Officer's Final Decision," and cites the Contract Disputes Act, 41 U.S.C. § 7104(b). ECF No. 1 at 4. As noted above, this court has jurisdiction to conduct a de novo review of an action brought following a final decision by a contracting officer. See M. Maropakis Carpentry, 609 F.3d at 1327; 41 U.S.C. § 7104(b)(4).

As an initial matter, against these background principles, the court notes a fundamental disagreement between the parties as to which bid figures are at issue here. Defendant argues that plaintiff is not entitled to recover in this case because it cannot show "that its corrected total price would not exceed the total price of the next-lowest acceptable bid," as required by FAR 14.407-4(b)(2)(ii). ECF No. 22 at 6. This argument is based on the figures included in plaintiff's certified claim, which adds both state and county taxes to the original bid. See ECF No. 26 at 7. As listed in the table above, this bid was for a total price of $13,065,061, including a base item price of $12,032,227, and an option items price of $1,032,834.

Plaintiff, however, bases its arguments on the figures submitted as part of its initial modification request, which included only state taxes. See ECF No. 25 at 12. As listed in the table above, this bid was for a total price of $12,860,167, including a base item price of $11,843,530, and an option items price of **$1,016,637**. Plaintiff offers no support for its assertion that the initial modification request should form the basis of the court's analysis. In fact, its assertion is not even explicit. It simply cites to these figures in its argument. See id.

Thus, the court finds, as defendant has posited correctly, that the figures forming the basis of the certified claim, on which the contracting officer rendered a final decision, are those properly before the court. This court only has jurisdiction to consider claims on which a final decision has been rendered by the contracting officer. Because the figures in plaintiff's initial modification request were not the figures submitted as part of its certified claim, they are irrelevant to the court's analysis.

The figures the court must evaluate are as follows:

| Offeror | Total Price | Base Item | Option Items |
|---|---|---|---|
| Reyes Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Hal Hays Construction, Inc. | $[ ] | $[ ] | $[ ] |
| **Baldi (state and county tax)** | $13,065,061 | $12,032,227 | $1,032,834 |
| Sundt Construction, Inc. | $[ ] | $[ ] | $[ ] |
| Government Estimate | $14,677,000 | $13,363,820 | $1,312,979 |

This revised chart, illustrating the bids properly under consideration, clearly shows that plaintiff has failed to prove that its price "does not exceed that of the next lowest acceptable bid," as required by FAR 14.407-4(b)(2)(ii). The total amount of plaintiff's revised price ($13,065,061) exceeds the bids made by Reyes Construction, Inc. ($[ ]) and Hal Hays Construction, Inc. ($[ ]).

The parties also disagree as to which portion of the bids should be considered by the court. Defendant argues that the court should look at the total price of the bid, see ECF No. 26 at 3, while plaintiff argues that the court should look to the base item price,

6

see ECF No. 25 at 10.  Because the court previously concluded that the figures in plaintiff's certified claim are the relevant data here, the court need not resolve this matter.  Even assuming the base item price was the proper metric for applying the requirements of FAR 14.407-4(b)(2)(ii), plaintiff's price ($12,032,227) still exceeds the base item price submitted by Hal Hays Construction ($[ ]).  As such, considering either the total contract price or the base item price, plaintiff has failed to establish that its bid does not exceed the next lowest acceptable bid.

The parties have no dispute regarding the figures submitted in connection with the various bids.  Because the court reached its conclusion by applying the relevant law to those figures, any disputes of fact that may otherwise exist between the parties are immaterial to the court's present analysis.

IV.     Conclusion

For the foregoing reasons, defendant's motion for partial summary judgment, ECF No. 22, which the court has deemed a motion for summary judgment is **GRANTED**.  The clerk's office is directed to enter final judgment in favor of defendant, **DISMISSING** plaintiff's complaint with prejudice.  Each party shall bear its own costs.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge
